# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

UNITED STATES OF AMERICA,

v.                                          Criminal Action No. **3:16CR21**

MARCUS FREEMAN,

        Petitioner.

## MEMORANDUM OPINION

Marcus Freeman, a federal inmate proceeding *pro se*, filed this 28 U.S.C. § 2255 Motion

("§ 2255 Motion," ECF No. 45). Freeman contends that he was denied the effective assistance

of counsel. Specifically, Freeman asserts:[1]

| | |
|---|---|
| Claim 1 | (a) If counsel had informed him that Virginia "state law requires a complete stop at the stop sign and also at the curb if it is slightly after the stop sign then I would have not went forward with the [suppression] hearing and I would have received all 3 points for accepting responsibility in a timely manner." (*Id.* at 4.) <br> (b) Counsel "did not bring up arguments which we agree that I/we wanted to argue at my June 1st suppression hearing. (*Id.*) |
| Claim 2 | "Counsel failed to bring up the '*Mathis* [*v. United States*, 136 S. Ct. 2243 (2016)]' issue on how Virginia['s] [drug statute] does not fit into the generic language of the federal guideline of a control[led] substance act . . . . at sentencing." (*Id.* at 5.) |

As explained below, Freeman's claims lack merit and will be DISMISSED.[2]

---

[1] The Court corrects the capitalization, punctuation, and spelling in the quotations from Freeman's submissions. The Court employs the page numbers assigned by the CM/ECF docketing system.

[2] In a letter attached to his § 2255 Motion, Freeman requests a lawyer "to proceed for me" in this matter. (ECF No. 45-1.) Individuals have no constitutional right to counsel in postconviction proceedings, *see generally Pennsylvania v. Finley*, 481 U.S. 551, 555–56 (1987) (explaining that "[o]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further"), and this habeas action is not so complex that it requires the Court to appoint Freeman counsel.

## I.  Pertinent Factual and Procedural History

On February 16, 2016, Freeman was charged in a three-count indictment with:

possession with intent to distribute heroin (Count One); being a felon in possession of a firearm

(Count Two); and, possession of a firearm in furtherance of a drug trafficking crime (Count

Three).  (ECF No. 1, at 1–2.)  On April 27, 2016, Freeman filed a motion to suppress.  (ECF

No. 14.)  Freeman's primary argument was that "there was no reason to sweep Mr. Freeman's

vehicle after Mr. Freeman was detained as he was unable to access the interior of the vehicle."

(*Id.* at 4.)  Freeman also argued "that the facts will not support a finding that probable cause

existed to conduct the traffic stop of Mr. Freeman . . . ."  (*Id.* at 5.)  The Court denied the Motion

to Suppress.  (ECF No 21.)  Immediately thereafter, Freeman entered into a plea agreement

wherein he agreed to plead guilty to Count One.  (ECF No. 22, at 1.)  As part of the Statement of

Facts, Freeman acknowledged:

> On December 3, 2015, Richmond Police Officer Ronan and Virginia State
> Trooper McFall observed a dark-colored Nissan disregard a stop sign at Alma
> Avenue and North Avenue in the Northside of Richmond, Virginia.  Once the
> officers initiated the traffic stop, they identified the driver, and only occupant of the
> vehicle, as Defendant.  The defendant gave Trooper McFall his social security
> number and stated that [his license] was suspended.

(ECF No. 23 ¶ 2.)

At sentencing, Freeman was found to be a career offender in light of his multiple felony

drug distribution convictions under Virginia law.[3]  (ECF No. 34 ¶¶ 20, 30, 35, 38.)  Freeman

---

[3] In 2015, the United States Sentencing Guidelines Manual, Chapter 4, Part B, provided
that a defendant may be deemed a career offender

> . . . if (1) the defendant was at least eighteen years old at the time the defendant
> committed the instant offense of conviction; (2) the instant offense of conviction is
> a felony that is either a crime of violence or a controlled substance offense; and (3)
> the defendant has at least two prior felony convictions of either a crime of violence
> or a controlled substance offense.

received a two-level reduction for acceptance of responsibility. (*Id.* ¶ 21.) Ultimately, Freeman had a Total Offense Level of 30 and a Criminal History Category VI, resulting in an advisory Guideline Range of 168 to 210 months of imprisonment. (*Id.* at 24.) At sentencing, the Court granted Freeman's Motion for a Variant Sentence (ECF No. 39, at 1) and imposed a sentence of 144 months of imprisonment.[4] (ECF No. 42, at 2.)

## II. Analysis

To demonstrate ineffective assistance of counsel, a convicted defendant must show, first, that counsel's representation was deficient, and second, that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of *Strickland*, the convicted defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The prejudice component requires a convicted defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing ineffective assistance of counsel claims, it is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Id.* at 697.

In Claim 1(a), Freeman suggests that he would not have pursued a motion to suppress if his counsel had properly informed him that Virginia law required him to stop at a stop sign or the curb associated with the stop sign if it is slightly after the stop sign. Freeman also suggests that

---

U.S. Sentencing Guidelines Manual § 4B1.1 (a) (U.S. Sentencing Comm'n) (2015).

[4] Bureau of Prisons records indicate that Freeman is scheduled for release on July 21, 2026. *See* Fed. Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (search BOP Register Number 89812-083) (last visited April 13, 2020).

3

in the absence of the Motion to Suppress, he would have been awarded a third point for the timely acceptance of responsibility. This claim lacks merit.

The Statement of Facts reflects that Freeman did not merely stop at the wrong place, but that he "disregard[ed]" the stop sign. ((ECF No. 23 ¶ 2.) Thus, Freeman fails to demonstrate that lacking some information about Virginia law caused him to insist that counsel file a motion to suppress. Indeed, in Claim 1(b), Freeman continues to fault counsel for not raising other issues in the Motion to Suppress. Freeman, however, fails to identify what issues or arguments counsel failed to raise. This sort of conclusory allegation provides no basis for habeas relief. *See Sanders v. United States*, 373 U.S. 1, 19 (1963) (finding summary denial of § 2255 motion appropriate where petitioner "stated only bald legal conclusions with no supporting factual allegations"). Freeman has failed to demonstrate that counsel acted unreasonably in pursuing the Motion to Suppress. Further, given the variant sentence imposed by the Court, Freeman fails to demonstrate that he was prejudiced by counsel's actions. Accordingly, Claims 1(a) and 1(b) will be DISMISSED.

In Claim 2, Freeman faults counsel for failing to assert that Freeman's prior Virginia felony drug trafficking convictions could not serve as predicate offenses for applying the career offender enhancement to Freeman.[5] Freeman's "argument that the Commonwealth's definition

---

[5] In his § 2255 Motion, Freeman fails to provide an entirely coherent statement of this claim. However, in his Response, Freeman explains, in pertinent part:

> In determining whether a prior conviction qualifies as a predicate offense for a "career offender enhancement," the Court applies the categorical or modified categorical approach . . . .
> To sum up my argument, VA Statute 18.2–248 . . . criminalizes "giving" a controlled substance away, whereas the Federal Guidelines definition of a controlled substance act 4B1.2(b), does not extend [to] an offense prohibiting a "gift."
> . . . .

4

of 'controlled substance offense' in Virginia Code § 18.2–248[6] is broader than the generic

definition under the Federal Sentencing Guidelines is erroneous." *United States v. Jones*, No.

7:16–cr–00004, 2019 WL 6497431, at *4 (W.D. Va. Dec. 3, 2019). As the United States District

Court for the Western District of Virginia explained, selling drugs or giving them away for free

fits within the meaning of "controlled substance offense" for career offender purposes because it

involves an intent to distribute:

> Giving drugs away for no remuneration and offering to sell drugs fall well within
> the scope of the Guidelines' definition of a "controlled substance offense." Section
> 4B1.2(b) reads:
>
>> The term "controlled substance offense" means an offense under
>> federal or state law, punishable by imprisonment for a term
>> exceeding one year, that prohibits the manufacture, import, export,
>> *distribution*, or dispending of a controlled substance . . . or the
>> possession of a controlled substance . . . *with intent to* manufacture,
>> import, export, *distribute*, or dispense.
>
> (emphasis added). There is ample case law to support the proposition that "sharing
> drugs with another constitutes distribution." *See, e.g., United States v. Washington*,
> 41 F.3d 917, 919 (4th Cir. 1994) (concluding that Washington's plan to share his
> cocaine with a friend "is sufficient for a court to find that he possessed drugs with
> intent to distribute"); *United States v. Cormier*, 468 F.3d 63, 70 n.3 (1st Cir. 2006)
> ("It is well accepted that drugs may be distributed by giving them away for free; 21
> U.S.C. § 841(a)(1) imposes no requirement that a sale take place."). Thus, the state
> statute under which [the defendant] was previously convicted does not
> "criminalize[] a broader swath of conduct than the relevant generic crime."

*Id.* (alteration in original) (omissions in original) (quoting *Descamps v. United States*, 570 U.S.

254, 258 (2013)). Moreover, courts in Virginia have "consistently recognize[d] that prior

convictions for distribution of cocaine and possession with intent to distribute cocaine are

---

> If a prior conviction under a statute that by its elements alone criminalizes
> more conduct than that criminalized by the generic offense, the conviction does not
> qualif[y].

(ECF No. 48, at 3.)

[6] That statute provides, in pertinent part, that, "[e]xcept as authorized in the Drug Control
Act (§ 54.1–3400 et seq.), it shall be unlawful for any person to manufacture, sell, give,
distribute, or possess with intent to manufacture, sell, give or distribute a controlled substance or
an imitation controlled substance." Va. Code § 18.2–248(A).

controlled substance offenses for purposes of the Guidelines' career offender enhancement." *Id.* at \*5 (citing *United States v. Bailey*, Nos. 7:15cr00010–01, 7:17cv81234, 2017 WL 6391487, at \*3 (W.D. Va. Dec. 14, 2017); *Long v. United States*, Nos. 2:15cr161, 2:17cv219, 2017 WL 4799798, at \*4 (E.D. Va. Oct. 23, 2017); *United States v. Jones*, No. 3:13cr13, 2016 WL 6997024, at \*4 (E.D. Va. Nov. 29, 2016)). Because Freeman fails to demonstrate deficiency of counsel or prejudice, Claim 2 will be DISMISSED.

### III. Conclusion

Freeman's claims and the action will be DISMISSED. The § 2255 Motion (ECF No. 45) will be DENIED. An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Freeman has not satisfied this standard. A certificate of appealability will be DENIED.

An appropriate Order shall accompany this Memorandum Opinion.

/s/
_____
M. Hannah Lauck
United States District Judge

Date: April 13, 2020
Richmond, Virginia

6